[*Civ. No. 6796. First Appellate District, Division Two.*—November 7, 1929.]

WILLIAM C. KOLB et al., Appellants, v. W. A. RUSCO et al., Respondents.

C. WILLIAM KOLB et al., Appellants, v. W. A. RUSCO et al., Respondents.

J. W. Dorsey, W. E. Cashman and Theodore Hale for Appellants.

Silverstein & Silverstein for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover moneys alleged to be due under a contract of employment. The defendants answered and filed a cross-complaint. The plaintiffs answered the cross-complaint and a trial was had before the court sitting without a jury. The court made findings in favor of the defendants and from a judgment entered thereon the plaintiffs have appealed.

On the sixteenth day of March, 1927, the parties entered into a written contract which contained among others, the following:

"MEMORANDUM OF AGREEMENT, entered into this 16 day of March, 1927, between Kolb and Dill, party of the first part, and W. H. Rusco, party of the second part.

"WHEREBY it is mutually agreed that said party of the first part hereby engaged to play Kolb and Dill in 'Queen High' at Alameda, Cal. for the term of One Night, and no Matinee, beginning Tuesday, March 29, 1927 and terminating —— making in all One performance.

" . . .

"The said party of the first part, in consideration of one dollar in hand (the receipt of which is hereby acknowledged) and of certain payments herein named, made by said party of the second part, agrees to faithfully perform at the above theater for the above time and will not perform previously at any other place of entertainment in said city during the season, furnishing entire entertainment on the stage, and such display printing as necessary, with dates for same, and conform to the rules and regulations which govern said place of entertainment.

" . . .

"For the faithful observance and fulfillment of said party of the first part of each and all of the above conditions, the said party of the second part agrees to pay him or his representatives the sum resulting from the following terms: Said party of the second part agreed to pay to said party first part the sum of sixteen hundred dollars ($1600.) for the said one performance. Said sum to be paid at eight o'clock on the night of the performance. . . . "

█ The plaintiffs claim that on the evening of March 29, 1927, they together with their associates, eleven persons in all, appeared at the theater ready, able and willing to perform their contract and that they were refused admittance to the theater. In reply the defendants contend that the plaintiffs appeared with only a part of their cast, eleven persons instead of eleven persons and a chorus consisting of twelve women and six men. The plaintiffs do not dispute the fact, but claim that under their contract they were not bound to produce a chorus of twelve women and six men. The same contention arose in the trial court. The trial court admitted certain evidence over the objection of the plaintiffs and decided the controverted question against the plaintiffs and in favor of the defendants. The case presents many attacks all of which depend on whether the trial court erred in admitting evidence to enable it to interpret the contract. The plaintiffs planned and organized the per-

formance as a musical comedy on or about the first day of November, 1926, carrying a cast of eleven persons together with a chorus of twelve women and six men. As so organized the musical comedy was produced by the plaintiffs at many places in California and Arizona between the twenty-fourth day of November, 1926, and down to and including the twenty-second day of March, 1927. When the performance was being so produced at the Wilkes in San Francisco during said season the defendants attended and later the contract above set forth was entered into. The chorus had been organized and taken from Los Angeles. At the time the contract was executed the troupe was at San Diego. On its return from San Diego and while at Los Angeles, on the twenty-second day of March, 1927, the chorus was dispensed with and disbanded. When the defendants heard that the plaintiffs had dismissed the chorus they immediately notified the plaintiffs that the plaintiffs must bring the chorus to Alameda or the defendants would refuse to accept the performance as a compliance with the terms of the contract. Many other items of evidence of a similar nature were introduced by the defendants. The plaintiffs do not specially complain of any one item, but they complain generally that the trial court should have confined the parties to the facts stated on the face of the written contract. In this connection they take the position that the written contract was clear and unambiguous and therefore that extrinsic evidence was not admissible for any purpose. They say, ''In the absence of any specific agreement relating to the number of persons who should take part in the play, other than the principals, it is hardly necessary to observe that the contract, omitting any such provisions, left the plaintiffs at liberty, in the absence of any allegations or showing of fraud, to cut down the cast and arrange and rearrange the cast in any manner they saw fit, irrespective of what might have been in the minds of the defendants at the times the contracts were executed." The foregoing contention is vehemently controverted by the defendants. They cite and rely on *Nelson* v. *Dutton,* 63 Cal. App. 717 [220 Pac. 12]; *Reid* v. *St. John,* 68 Cal. App. 348 [229 Pac. 863]; 22 C. J. 1261, sec. 1683; *Balfour* v. *Fresno C. & I. Co.,* 109 Cal. 221, 224, 225 [41 Pac. 876]. The authorities cited clearly

support the defendants and the trial court did not err in admitting the evidence complained of.

At the same time the above-entitled case was tried another case, entitled *Kolb and Dill* v. *Rusco and Giesea*, was also tried. Except as to the name of the theater, the name of the place and the date of the engagement, the facts are the same. Both cases were tried together in the trial court and both records are contained in the transcripts on file. One set of briefs was prepared. All that has been said regarding the first case is applicable to the second.

We find no error in the record. Both judgments are affirmed.

Nourse, J., and Koford, P. J., concurred.